**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel C. Edington; Noreen A. Edington, | No. CV-05-4227-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Yavapai County, et al., | |
| Defendants. | |

The court has before it defendants' motion to dismiss or, alternatively, motion for summary judgment (doc. 55), plaintiffs' response (doc. 64), and defendants' reply (doc. 59). We also have before us defendants' motion to strike plaintiffs' statement of facts (doc. 58); plaintiffs' motion to strike defendants' motion to strike (doc. 62) and defendants' response (doc. 68); defendants' motion to strike plaintiffs' amended statement of facts (doc. 67); plaintiffs' motion to amend memorandum and supporting documents (doc. 63), and defendants' response (doc. 66).

**Background**

This action arises from an ongoing dispute between the plaintiffs and their neighbors, including defendants Brian and Alice Coddington. Complaints were made to the Yavapai County Sheriff's Office on many occasions by the plaintiffs and plaintiffs' neighbors. Sheriff's officers investigated and submitted the complaints to the Yavapai County

1  Attorney's Office for a charging review. Daniel Edington was charged with disorderly
2  conduct and harassment. The disorderly conduct count was eventually dismissed and Mr.
3  Edington was found not guilty on the remaining counts. Plaintiffs sued various neighbors
4  in state court, asserting claims described as harassment, collusion, defamation, trespass, and
5  negligence. The state court dismissed all claims with prejudice concluding that the
6  "ambiguous, vaguely worded and confusingly non-specific allegations brought against the
7  Defendants in this cause do not form the basis of any recognized causes of action." DSOF,
8  ex. 1.

9  In the present action, plaintiffs, acting pro se, assert various confounded federal and
10 constitutional claims against Yavapai County, Yavapai County Sheriff Steve Waugh,
11 Yavapai County Lt. David Starin, Yavapai County Sgt. Richard Barnes, Sheriff's Deputy
12 Rice (collectively "sheriff defendants"), Yavapai County Attorney Sheila Polk, Assistant
13 Yavapai County Attorney Jarrod Long (collectively "county attorney defendants"), and Brian
14 and Alice Coddington. The gravamen of the claims is that the sheriff defendants and county
15 attorney defendants, in agreement with the Coddingtons acting under color of law,
16 discriminated against Mr. Edington because of his disabilities, singled him out for
17 prosecution, failed to prosecute plaintiffs' neighbors, and violated their rights to fair housing.

## Motion to Dismiss

19 Defendants first argue that the complaint should be dismissed in its entirety because
20 the claims are barred by the doctrines of res judicata and collateral estoppel. Although
21 defendants suggest that the instant case is based on the same operative facts as those at issue
22 in the state action, they fail to discuss how the facts are similar. Only Brian and Alice
23 Coddington are defendants in both the state and federal actions. Plaintiffs assert many
24 federal claims here, none of which were asserted in state court. If issues of ultimate fact were
25 determined by a final state court judgment that are also at issue here it was incumbent upon
26 defendants to describe them. Because they failed to do so, defendants' motion to dismiss on
27 the basis of res judicata or collateral estoppel is denied.

28

**Motion for Summary Judgment**

To prevail on a motion for summary judgment, the moving party carries the initial burden of demonstrating that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Once the moving party carries its burden, the adverse party "may not rest upon the mere allegations or denials of [its] pleading," but must provide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). See Celotex, 477 U.S. at 323-24, 106 S. Ct. at 2553; Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1107 (9th Cir. 2000) (holding that once the moving party carries its initial burden, "the nonmoving parties were obliged to produce evidence in response"). Because we conclude that plaintiffs have failed to demonstrate that a genuine issue of fact exists as to any of their claims, we grant defendants' motion for summary judgment in its entirety (doc. 55).

### 1. Yavapai County

A local government is not liable under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Instead, an entity is liable only for constitutional violations occurring pursuant to an official government policy or custom. Id. at 694, 98 S. Ct. at 2037-38. Plaintiffs must not only show a deprivation of their constitutional rights, but also that the County itself was a "moving force" behind that deprivation. Id. at 694, 98 S. Ct. at 2038. Plaintiffs have failed to present any evidence that Yavapai County had a policy or custom of discriminating against the disabled, or that it was the "moving force" behind the officers' actions in the present case. Yavapai County's motion for summary judgment on the § 1983 claim is granted.[1]

---

[1] Although a claim of respondeat superior is available under the ADA and Rehabilitation Act, Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001), these claims against the County are nevertheless dismissed for the reasons set forth below.

- 3 -

### 2. Brian and Alice Coddington

Plaintiffs assert multiple claims against the Coddingtons, including violations under § 1983. In order to state a claim under § 1983, a plaintiff must allege facts showing that a person acted under color of state law when depriving him of a right, privilege, or immunity secured by the Constitution or federal law. A claim may lie against a private party who "is a willful participant in joint action with the State or its agents." DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000). However, a bare allegation of joint action will not overcome a motion for summary judgment. Id.

Plaintiffs contend that Alice and Brian Coddington worked in concert with the sheriff defendants to have Mr. Edington falsely arrested by failing to provide a DVD that would have exonerated him. Plaintiffs' Response at 4-5. Plaintiffs contend that Brian Coddington acted under color of law because he served as a Yavapai County detention officer. However, many of plaintiffs' allegations involving the Coddingtons occurred before Brian Coddington became a detention officer on September 27, 2004. Moreover, plaintiffs present no evidence to suggest that even after Mr. Coddington became a detention officer that he was acting within the scope of his official employment when he allegedly deprived them of their rights. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835-36 (9th Cir. 1996).

Plaintiffs have also failed to raise a triable issue that the Coddingtons were "willful participant[s] in joint action" with the sheriff defendants. Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002). To demonstrate joint action, plaintiffs must show that the Coddingtons acted as co-conspirators with the sheriff defendants, sharing the common goal of violating plaintiffs' constitutional rights. Id. A "substantial degree of cooperation" must be established before a private individual will be held liable for impinging on civil rights. Id. No such showing is made here.

Moreover, in order for a private individual to be liable under § 1983 when the state actor commits the challenged conduct, the plaintiff must establish that the private actor had "control over state officials' decision to commit the challenged act." Id. at 446. Here, plaintiffs claim that the Coddingtons acted in concert with the sheriff defendants in having

1 Mr. Edington falsely charged and prosecuted with a crime. There is no evidence whatsoever
2 that the Coddingtons had any control over the defendants' decision to charge Mr. Edington.
3 Plaintiffs have failed to create an issue of triable fact that the Coddingtons acted under
4 color of law. Therefore, we grant the Coddingtons' motion for summary judgment.

### 3. County Attorneys Polk and Long

Plaintiffs assert various claims against County Attorney Polk and Deputy County Attorney Long under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), contending that they improperly charged and prosecuted Mr. Edington, failed to consider exculpatory evidence, and refused to charge and prosecute plaintiffs' neighbors for various crimes.

The county attorney defendants are entitled to absolute prosecutorial immunity for acts intimately associated with the judicial process. Burns v. Reed, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939 (1991). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995 (1976). Thus, a prosecutor enjoys absolute immunity from claims alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence. Id. A prosecutor's professional evaluation of the evidence assembled by the police, as well as the decision whether to file certain charges is central to the task of initiating a prosecution, and as such is entitled to absolute immunity protection. See, e.g., Mishler v. Clift, 191 F.3d 998, 1008 (9th Cir. 1999) ("[f]iling charges and initiating prosecution are functions that are integral to a prosecutor's work").

All of plaintiffs allegations against the county attorneys are well within their prosecutorial duties, and accordingly claims arising from such allegations are precluded by absolute immunity. See Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (applying the doctrine of absolute judicial immunity to claims made under the ADA and the Rehabilitation Act). The county attorney defendants' motion for summary judgment is granted.

- 5 -

### 4. ADA and Rehabilitation Act

Plaintiffs[2] claim that the defendants violated Title II of the Americans with Disabilities Act, and section 504 of the Rehabilitation Act, by singling them out or denying them services because of Mr. Edington's claimed disabilities. The ADA applies to public entities, and the Rehabilitation Act proscribes discrimination in all federally-funded programs. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is an individual with a disability within the meaning of the Act; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. Id. To recover monetary damages under the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination by the defendant. Duvall, 260 F.3d at 1138.

There is no evidence that Mr. Edington was disabled within the meaning of the Act. Moreover, other than plaintiffs' bare allegations, there is no evidence whatsoever that any of the defendants acted or failed to act because of any alleged disability.

Even assuming that plaintiffs' have articulated a cognizable claim under the Rehabilitation Act, which is doubtful, it fails for the same reasons set forth above. To state a claim, plaintiffs must show that (1) Mr. Edington is disabled with the meaning of the Act; (2) he is otherwise qualified for a public benefit or service; (3) he was denied that benefit or service solely by reason of his disability; and (4) the program providing the benefit or service receives federal financial assistance. Id. at 1135. There is no evidence from which a reasonable jury could conclude that any action was taken, or any service denied, because of plaintiff's alleged disabilities. We grant defendants' motion for summary judgment on these claims.

---

[2] Noreen Edington lacks standing to assert any claim based on Daniel Edington's alleged disability, and therefore her claims based on such disability are dismissed.

- 6 -

### 5. Section 1983

#### a. Equal Protection Clause

Plaintiffs also assert a disability-based selective enforcement/selective prosecution claim under the Equal Protection Clause of the Fourteenth Amendment. They contend that the sheriff defendants refused to prosecute plaintiffs' neighbors for illegally videotaping them and instead prosecuted Mr. Edington for disorderly conduct.

To establish an equal protection selective enforcement or selective prosecution claim, plaintiffs must show that state action "had a discriminatory effect and that it was motivated by a discriminatory purpose." United States v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487 (1996). There is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption the plaintiff must present "clear evidence to the contrary." Id. at 464, 116 S. Ct. at 1486. A claim of selective prosecution can survive this demanding standard only when the plaintiff "alleges sufficient facts to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose." United States v. Hazel, 696 F.2d 473, 475 (6th Cir. 1983).

Plaintiffs' conclusory allegations do not go beyond the "frivolous state." There is no evidence that the officers acted with discriminatory purpose or that their actions had a discriminatory effect. They argue that selective enforcement is evidenced by the fact that Mr. Edington was charged with disorderly conduct and harassment, while his neighbors, who were known to have illegally videotaped plaintiffs, were not charged with a crime. First, as we have already held, there is no evidence that the defendants' acts or inactions were motivated by plaintiffs' disabilities. Plaintiffs' only allegation of discriminatory motive is their claim that Deputy Rice referred to Mr. Edington and his daughter as "deformed." Even assuming plaintiffs' allegation is true, the random use of a single word of a dubious derogatory nature, does not give rise to an equal protection violation. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990) ("stray remarks are insufficient to establish discrimination"); Williams v. Bramer, 180 F.3d. 699, 706 (5th Cir. 1999) ("an

1  officer's use of a racial epithet, without harassment or some other conduct that deprives the
2  victim of established rights, does not amount to an equal protection violation").

3  Plaintiffs have failed to establish either that defendants' acts had a discriminatory
4  effect or were motivated by a discriminatory purpose.  Defendants' motion for summary
5  judgment on plaintiffs' equal protection claim is granted.

### b.  Abuse of Process

7  Plaintiffs contend that the defendants violated their § 1983 rights "by 'abuse of
8  process' when they charged, arrested, prosecuted and made statements to law enforcement
9  against [them] in a deliberate attempt to harass and intimidate [them] into withdrawing a
10 pending civil action."  Complaint ¶ 64.  Even assuming such a claim exists, "[m]alicious
11 prosecution, by itself, does not constitute a due process violation."  Freeman v. City of Santa
12 Ana, 68 F.3d 1180, 1189 (9th Cir. 1995).  Plaintiffs must show that defendants charged,
13 arrested, and prosecuted them "with malice and without probable cause, and that they did so
14 for the purpose of denying [them] equal protection or another specific constitutional rights."
15 Id.

16 We have already concluded that plaintiffs have failed to make this showing.  The
17 county attorney defendants have absolute immunity, both Sgt. Barnes and the deputy county
18 attorney reasonably concluded that probable cause existed to support the charge, and there
19 is no showing that the sheriff defendants acted with malice.  Defendants are entitled to
20 summary judgment on this claim.

### c.  Fourth Amendment

22 Daniel Edington claims that the sheriff defendants violated his Fourth Amendment
23 rights "by false arrest."  Complaint ¶ 63.  In order to establish a false arrest claim, he must
24 show that he was arrested without probable cause.  There is no showing that he was ever
25 arrested; he was merely charged with a crime.  Therefore, Mr. Edington has no Fourth
26 Amendment claim.

### 6. 18 U.S.C. §§ 241, 242, 245 Claims

Plaintiffs claim that the defendants conspired against them by withholding evidence, wrongfully charging Mr. Edington with a crime, and refusing to arrest and charge their neighbors with criminal activity. These are criminal statutes that do not afford a private right of action. Defendants' motion for summary judgment is granted on these claims.

### 7. 42 U.S.C. § 3631 Claim

Plaintiffs claim that the Coddingtons violated their rights under 42 U.S.C. § 3631 by having neighbors gather at their home on a regular basis for the purpose of intimidating the plaintiffs into moving. 42 U.S.C. § 3631 makes it a crime to, by force or threat of force, willfully intimidate or interfere with any person because of his handicap and because he is occupying a dwelling. There is no private right of action under this statute and plaintiffs' claim is dismissed.

### CONCLUSION

Based on the foregoing, **IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc. 55).

**IT IS FURTHER ORDERED DENYING** defendants' motion to strike plaintiffs' statement of facts (doc. 58), **DENYING** defendants' motion to strike plaintiffs' amended statement of facts (doc. 67), **DENYING** plaintiffs' motion to strike defendants' motion to strike (doc. 62), and **GRANTING** plaintiffs' motion to amend memorandum and supporting documents (doc. 63).

The clerk shall enter final judgment.

DATED this 15th day of January, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

### 6. 18 U.S.C. §§ 241, 242, 245 Claims

Plaintiffs claim that the defendants conspired against them by withholding evidence, wrongfully charging Mr. Edington with a crime, and refusing to arrest and charge their neighbors with criminal activity. These are criminal statutes that do not afford a private right of action. Defendants' motion for summary judgment is granted on these claims.

### 7. 42 U.S.C. § 3631 Claim

Plaintiffs claim that the Coddingtons violated their rights under 42 U.S.C. § 3631 by having neighbors gather at their home on a regular basis for the purpose of intimidating the plaintiffs into moving. 42 U.S.C. § 3631 makes it a crime to, by force or threat of force, willfully intimidate or interfere with any person because of his handicap and because he is occupying a dwelling. There is no private right of action under this statute and plaintiffs' claim is dismissed.

### CONCLUSION

Based on the foregoing, **IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc. 55).

**IT IS FURTHER ORDERED DENYING** defendants' motion to strike plaintiffs' statement of facts (doc. 58), **DENYING** defendants' motion to strike plaintiffs' amended statement of facts (doc. 67), **DENYING** plaintiffs' motion to strike defendants' motion to strike (doc. 62), and **GRANTING** plaintiffs' motion to amend memorandum and supporting documents (doc. 63).

The clerk shall enter final judgment.

DATED this 15th day of January, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge